UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTAN DANIEL ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 9-304-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Defendant | ) |

RECOMMENDED DECISION
DENYING IFP APPLICATION

Having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915, I recommend that the application be DENIED. Plaintiff indicates in his Affidavit that he is employed at the Pizza Hutt at the Bangor Mall, Bangor, Maine earning $500.00 per week; receives an undisclosed amount of disability or worker's compensation payments; has $2,700 in cash or in a checking or savings account; owns a '97 Honda Accord and a summer house. Based upon these facts, I do not believe that the plaintiff is indigent.

Plaintiff is hereby ORDERED to pay the $350.00 filing fee by August 3, 2009, failing which I recommend that this matter be dismissed for lack of prosecution. I will further caution plaintiff that if he elects to proceed with this litigation, his current complaint would be subject to summary dismissal in any event. It is barely legible and does not state a claim against the State of Maine or any other individual. Apparently plaintiff contends he was mistaken for someone named Justin Adams from Lincoln, Maine, and falsely arrested, apparently at the Penobscot County Jail. Nothing in the complaint explains how the "State of Maine" would be liable for the tort of false imprisonment based upon those facts. Therefore, if Adams decides to proceed with

this lawsuit he should file an amended complaint that more clearly sets forth the facts of the claimed "false imprisonment." Any such amended complaint must also be filed by August 3, 2009.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 13, 2009 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge